UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDUARDO G. NIEVES, individually,

    Plaintiff,

v.

ROOFING WHOLESALE COMPANY, INC., et al.,

    Defendants.

2:11-CV-247 JCM (RJJ)

**ORDER**

Presently before the court is defendant Martin Tavares' motion to both dismiss plaintiff Eduardo Nieves' claims for failure to state a claim for which relief may be granted and recover attorney's fees. (Doc. #10). Plaintiff filed oppositions to the motion for attorney's fees (doc. #15) and the motion to dismiss (doc. #16), and defendant submitted replies (doc. #17; doc. #18).

The dispute concerns a workplace issue where the defendant, plaintiff's direct supervisor, allegedly called the plaintiff names, hid keys to prevent the plaintiff from performing his duties, and committed assault and battery against the plaintiff. The instant complaint was filed by the plaintiff with this court on February 14, 2011, alleging unlawful discrimination based upon national origin and retaliation against Roofing Wholesale Company, Inc., Martin Tavares, as an individual, and Jose Navarro, as an individual. (Doc. #15). Plaintiff requests that this court award: (1) back pay; (2) front pay; (3) compensatory damages; (4) injunctive relief; (5) punitive damages; (6) attorney's fees and (7) court costs.

**James C. Mahan**
**U.S. District Judge**

1. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id*. (citing *Bell Atlantic*, 550 U.S. at 557).

Plaintiff's claims against Martin Tavares, as an individual, for both discrimination based on national origin and retaliation are brought under Title VII of the Civil Rights Act of 1964. *See* (doc. #1, ¶ 5). However, "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. California Institute of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Pink v. Modoc Indian Health Project,* 157 F.3d 1185, 1189 (9th Cir. 1998); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587-88 (9th Cir. 1993). Accordingly, dismissal of the Title VII claims as to the defendant is appropriate.

The plaintiff argues that although it did not attach "magical labels" to the complaint, that implied tort claims exist against the defendant. These include intentional infliction of emotional distress ("IIED"), interference with prospective business advantage, assault, and battery. *See* (doc. #16).

However, each of the supposed tort claims are barred by the statute of limitations under Nevada state tort law. IIED, assault, and battery must be brought within two years of the incident. NRS 11.190(4)©; NRS 11.190(4)(e). A claim of intentional interference with prospective business advantage is subject to a three-year statute of limitation. NRS 11.190(3)©; *Stalk v. Mushkin*, 199 P.3d 838, 842 (Nev. 2009).

Here, plaintiff alleges that the assault and battery occurred on December 29, 2006. (Doc. #1, ¶ 26). This is well beyond the two-year limitation period. Also, plaintiff was discharged on September 28, 2007, and has not alleged that any name calling persisted after that date or that any additional intentional interference by the defendant occurred. *See id*. at ¶ 36. Therefore, plaintiff's

1  complaint is untimely to satisfy the two or three-year limitation periods for either an IIED or
2  interference claim.  The plaintiff's tort claims cannot survive even if amended and accepted as true,
3  and must be dismissed.

4     2.   Motion for Attorney's Fees

5  A prevailing defendant under 42 U.S.C. § 2000e-5(k) may recover attorney's fees when the
6  plaintiff's claims are "frivolous, unreasonable, or without foundation, even though not brought in
7  subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

8  Here, plaintiff's claims are barred by both Title VII restrictions and statutes of limitation.
9  Plaintiff had no legal basis to hold the defendant liable and brought claims well after the statutes of
10 limitation had run.  Therefore, the court finds that the defendant may recover attorney's fees in
11 connection with bringing this motion.

12 The defendant shall file with the court a motion for attorney's fees and costs pursuant to
13 Local Rules 54-1 through 54-16.

14 Accordingly,

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Martin Tavares'
16 motion to dismiss (doc. #10) be, and the same hereby is, GRANTED.

17 IT IS FURTHER ORDERED THAT defendant's motion for attorney's fees (doc. #10) be,
18 and the same hereby is, GRANTED.  The defendant shall file a motion for attorney's fees and costs
19 with the court pursuant to LR 54-1 through 54-16.

20 DATED July 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -